Filed 2/19/25  Estate of St. John CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| Estate of DAVID ST. JOHN, Deceased. | B332375 |
| SHELLY SCHMIDT,  Petitioner and Respondent,  v.  LONNA WEEMS, as trustee,  Objector and Appellant. | (Los Angeles County Super. Ct. No. 19STPB06586) |

APPEAL from an order of the Superior Court of Los Angeles County, Gus T. May, Judge. Affirmed.

The Law Office of John A. Schlaff and John A. Schlaff for Objector and Appellant.

Moravec, Varga & Mooney and Henry J. Moravec III Petitioner and Respondent.

Objector and appellant Lonna Weems (appellant) appeals from the trial court's order on petitioner and respondent Shelley Schmidt's (respondent) petition to compel accounting pursuant to Probate Code section 17200.[1] Appellant contends the trial court erred by reducing her trustee's fees pursuant to California Rules of Court, rule 7.776 (rule 7.776). We conclude the court did not err in its application of rule 7.776 and was within its discretion to reduce appellant's trustee's fees. Thus, we affirm.

## BACKGROUND

**Respondent's petition**

### *The trust*

David St. John[2] formed the David St. John Trust in 2006. The trust contained two real properties, both located in Granada Hills. In September 2015, St. John executed a first amendment designating respondent as one of three beneficiaries of the trust. The amendment also named appellant, a longtime friend, as the successor trustee. St. John died in October 2015.

### *Respondent's allegations*

In July 2019, respondent brought a petition to compel trustee to account and for an award of fees and costs pursuant to section 17200, subdivision (b)(7).[3] Respondent subsequently filed six supplemental papers to this petition. Respondent alleged

---

[1]    All undesignated statutory references are to the Probate Code.

[2]    David St. John is also known as David John Schmidt. For clarity, we will refer to David St. John as St. John.

[3]    The petition cites subdivision (c), but it appears to be a typographical error and respondent instead meant subdivision (b).

2

appellant only provided limited informal accounting to the beneficiaries in September 2018, despite concluding administration of the trust in mid-2016. This informal accounting allegedly showed the estate's potential value was approximately $1.1 million. However, the estate allegedly could only obtain a net gain of $150,000 from the sale of the two real properties held by the trust. The petition alleged appellant failed to provide a listing of assets held at the beginning of the accounting period, a schedule of losses and gains, detailed itemizations of interest earned and distributions, and information regarding fees and other charges. Further, appellant and her attorneys allegedly had incurred over $100,000 in attorneys' fees and costs in only nine months. Respondent alleged, after excessive attorneys' fees, the amount remaining to be divided among the beneficiaries was only $24,555.32, of which appellant wanted to maintain a $5,000 reserve to pay other costs.

Respondent alleged she made several attempts to settle the dispute with appellant or to otherwise obtain a formal accounting. In February 2019, respondent allegedly made a final demand to settle the matter or alternatively produce a formal accounting. Respondent alleged she later requested a formal accounting again before filing the petition. Appellant allegedly gave no response to any of these requests.

**Procedural history**

### *The trial on the petition*

The parties stipulated to a trial by written submission with oral closing arguments. Citing the factors in rule 7.776, respondent contended appellant's trustee's fees of $26,295 were excessive. Respondent asserted the trust estate had little income and only realized approximately $120,000 from the sale of two

3

properties. Respondent argued many of the tasks appellant performed were routine and did not justify her $100 hourly rate. Respondent asserted appellant's billing entries contained tasks that did not benefit the trust or took excessive hours.

In response, appellant asserted the trust estate's income justified the trustee's fees given the sale of the two properties generated almost $1.1 million. Appellant argued her hourly rate was reasonable because she accepted a lower rate than the trustor originally intended and the time she spent was necessary to get each property sold. Appellant posited her trustee's fees could not be second-guessed because the trust instrument expressly granted her broad authorization to act in the trust's best interest. Appellant maintained she acted in good faith and could not be faulted for doing so. Appellant asserted she should be awarded her attorney's fees and costs pursuant to section 17211 because the petition was brought in bad faith.

### *The trial court's ruling*

In July 2022, the trial court ruled appellant's trustee's fees should be reduced. The court acknowledged there was evidence the trustor initially wanted to pay appellant a much higher hourly rate. However, in considering the factors in rule 7.776, the court found appellant's $100 hourly rate was excessive for some of the tasks she performed, particularly when she heavily relied on attorneys to handle the real property issues. The court concluded a reduced, blended hourly rate of $75 was more appropriate for appellant's trustee's fees. The court also reduced the trustee's fees by another $2,594.19 for "account imbalance." The court reduced the trustee's fees to a total of $19,455.19.

In addition, the trial court denied appellant's request for attorney's fees and costs pursuant to section 17211. The court

found the petition was not frivolous or brought in bad faith. The court based this finding on the fact that respondent partially succeeded in her petition and there were significant charges against the trust.

In February 2023, the trial court entered its order on the petition. Appellant timely appealed.

## DISCUSSION

I. **The trial court did not err by reducing appellant's trustee's fees pursuant to California Rules of Court, rule 7.776**

A. *Standard of review and applicable law*

The parties dispute the applicable standard of review. Generally, the trial court's order to surcharge the trustee's fees incurred is reviewed for abuse of discretion. (See *Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 268–269; *Finkbeiner v. Gavid* (2006) 136 Cal.App.4th 1417, 1422 ["We review rulings on trustee's fees to determine whether the court abused its discretion."].) However, "'[w]here the issue is one of statutory construction or contract interpretation, and the evidence is not in dispute, the de novo standard of review applies [citation].'" (*City of Petaluma v. Cohen* (2015) 238 Cal.App.4th 1430, 1438–1439.) "'"The interpretation of a written instrument, including a . . . declaration of trust, presents a question of law unless interpretation turns on the competence or credibility of extrinsic evidence or a conflict therein. Accordingly, a reviewing court is not bound by the lower court's interpretation but must independently construe the instrument at issue."'" (*Wells Fargo Bank v. Marshall* (1993) 20 Cal.App.4th 447, 452–453.)

**B.** ***The trial court's application of rule 7.776 does
not conflict with the terms of the trust***

Appellant contends the trial court erred by applying rule
7.776 to reduce her trustee's fees because the rule conflicts with
the terms of the trust. Namely, appellant argues sections 4.02,[4]
11.13 et al. of the trust afforded her absolute discretion in
administering the trust and protections from personal liability.
Appellant maintains her trustee's fees could not be reduced
absent a finding she acted in bad faith. We disagree.

"A trustee is entitled to compensation for its services either
as provided in the 'trust instrument,' if that document 'provides
for the trustee's compensation' (Prob. Code, § 15680, subd. (a)), or
'reasonable compensation' where 'the trust instrument does not
specify the trustee's compensation' (§ 15681)." (*Thorpe v. Reed*
(2012) 211 Cal.App.4th 1381, 1391, fn. omitted.) In construing
trust instruments to give effect to the trustor's intent, the
instrument's plain language controls unless a different
interpretation can be clearly ascertained. (*Huscher v. Wells Fargo
Bank* (2004) 121 Cal.App.4th 956, 972 (*Huscher*).) "If the
language of the instrument clearly sets forth the intent, the court
does not consider extrinsic evidence; it only looks to extrinsic
evidence in the event of an ambiguity." (*Trolan v. Trolan* (2019)
31 Cal.App.5th 939, 949 (*Trolan*).) "[T]he court must consider the
whole of the trust instrument, not just separate parts of it."
(*Ibid.*)

Rule 7.776 provides a list of eight factors a court may
consider in determining or approving a trustee's compensation.

---

[4]     Appellant's brief specifies section 4.01 of the trust, but this
is a typographical error as the language appellant quotes in her
papers is from section 4.02.

These factors include: the trust estate's gross income, the trustee's success in administering the trust, any unusual skill or expertise of the trustee, the trustee's fidelity or disloyalty, the amount of risk and responsibility the trustee assumed, the time spent performing the trustee's duties, the custom in the community where the court is located, and the complexity of the work performed. (Rule 7.776.)

The trial court's application of rule 7.776 does not conflict with the terms of the trust. Section 11.02 of the trust provides, "As to each separate trust, the Trustees shall be entitled to pay themselves a reasonable compensation for the performance of their duties and services rendered as Trustees." Further, this section states, "All Trustees shall be reimbursed for reasonable expenses actually and properly incurred by them in the administration of the trusts for which they serve as Trustees." Thus, the language of the trust indicates the trustee is entitled to *reasonable* compensation and reimbursement of expenses. This language also shows appellant does not have absolute discretion to decide her compensation and reimbursement of expenses— these matters are subject to a determination that they are reasonable. Section 11.02 of the trust has no language suggesting the trustee's compensation can only be reduced if the trustee acted in bad faith. Accordingly, the court's application of rule 7.776 to determine the reasonableness of appellant's trustee's fees does not contravene the terms of the trust.

Appellant specifically invokes sections 4.02 and 11.13 of the trust to support her argument the trustee's fees should not be reduced given her broad discretion in administering the trust. Section 4.02 lists and sets forth the parameters of the trustee's powers for administering the trust. With respect to the trustee's

7

powers listed in this section, the trust states: "The Trustee shall with respect to any and all property, which may at any time be held by the Trustee in Trust, pursuant to this Agreement, whether such property constitutes principal or accumulated income, have power, exercisable in the Trustee's absolute discretion, at any time and from time to time, on such terms and in such manner as the Trustee may deem advisable . . . ." Section 11.13 details the extent of the trustees' liability. This section generally limits the trustee's liability, stating in relevant part: "A Trustee shall not be personally liable to the trust or its beneficiaries, and shall be held harmless, for any loss, expense, damage, or claim incurred by the Trustee by reason of any act performed or omitted to be performed by the Trustee, acting in good faith, in the administration of the trust."

While the abovementioned trust provisions indicate appellant has "absolute discretion" in administering the trust and is not personally liable absent bad faith, these provisions concern appellant's performance of her duties and services as trustee, not her compensation therefor. Appellant's argument conflates two separate matters: the trustee's administration of the trust and the trustee's compensation for their services. Appellant suggests her compensation falls within her broad discretion as trustee. However, the language of the trust instrument does not support this. The trustee's compensation is not listed in section 4.02 as a matter over which the trustee has absolute discretion. If the trustor intended the trustee to have absolute discretion over their own compensation, this could have been expressly stated in section 11.02, which governs the trustee's compensation for administering the trust. We note section 11.02 of the trust governs a more specific matter concerning the trustee's services

8

and would control more general provisions regarding the trustee's powers to the extent there is any conflict. (See *Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 251 ["'[W]hen there are conflicting clauses the more specific clause controls the more general.'"].)

The distinction conveyed in the trust between the authority afforded for its administration and for the trustee's compensation also serves the fundamental principle against self-dealing. (See *Uzyel v. Kadisha* (2010) 188 Cal.App.4th 866, 888 [trustee's duties include a duty of loyalty to administer the trust solely for the beneficiaries' interest and a duty to not use trust property for the trustee's own profit].) When trustees exercise administrative discretion, they act for the trust's benefit. However, trustees act in their personal interest when setting their own compensation. This inherent conflict justifies the trust's imposition of a reasonableness standard for the trustee's compensation.

Accordingly, appellant fails to establish the trial court can only reduce her trustee's fees upon a finding of bad faith. The sections of the trust invoked by appellant do not extend to the trustee's compensation, which is governed by separate provisions. These separate provisions specifically indicate the trustee is entitled to reasonable compensation. To the extent there is conflict, the specific compensation clauses control over the more general ones involving the administration of the trust. The trust's differing provisions for authority afforded for its administration and for the trustee's compensation serve the fundamental principle against self-dealing. Hence, the court's application of rule 7.776 to determine the reasonableness of the trustee's fees does not conflict with the terms of the trust.

**C.** ***The trial court's application of rule 7.776 does not conflict with section 16081***

Appellant also argues the trial court's application of rule 7.776 to reduce her trustee's fees conflicts with section 16081. Appellant asserts section 16081 prohibits the court from weighing the reasonableness of the trustee's actions when the trust confers absolute discretion to the trustee. Section 16081, subdivision (a) states in relevant part: "[I]f a trust instrument confers 'absolute,' 'sole,' or 'uncontrolled' discretion on a trustee, the trustee shall act in accordance with fiduciary principles and shall not act in bad faith or in disregard of the purposes of the trust."

Appellant's arguments here fail for the same reasons discussed above. The trust instrument does not confer absolute, sole, or uncontrolled discretion on appellant to decide her compensation and reimbursement of expenses. Section 11.02 of the trust states the trustees' compensation and reimbursement must be reasonable. This fact directly contravenes appellant's assertion the trial court improperly substituted its judgment for the trustee's by weighing the reasonableness of her fees. While appellant invokes sections 4.02, 11.13 et al. of the trust, these sections apply to appellant's performance of her trustee's duties and services, not her compensation therefor. Further, section 16081 contains no provisions specifically governing a trustee's compensation or reimbursement of expenses. Thus, the court's application of rule 7.776 to determine appellant's trustee's fees does not conflict with section 16081.

**D.** ***The cases appellant cites are inapposite***

Appellant cites cases where trustees had broad discretion to administer the trust, and the dispositive issue was whether

10

they acted in bad faith. (See *Ventura County Dept. of Child Support Services v. Brown* (2004) 117 Cal.App.4th 144, 148, 154–155 [trustee had broad discretion under trust to manage and disburse funds for child support but was ordered to make payments due to finding of bad faith in withholding funds]; *Estate of Ferrall* (1953) 41 Cal.2d 166, 173, 176–177 [trustee had broad discretion under trust to distribute income for beneficiary's use and did not act in bad faith in withholding funds].) These cases are not instructive here because they do not involve trust provisions specifically governing a trustee's compensation or rule 7.776.

Moreover, appellant cites *Crocker-Citizens National Bank v. Younger* (1971) 4 Cal.3d 202 and *Estate of Bodger* (1955) 130 Cal.App.2d 416 (*Bodger*) to support her argument the trial court improperly substituted its judgment for the trustor's in reducing the trustee's fees. Appellant's reliance on these cases is also misplaced. In *Crocker-Citizens*, the trust had a provision entitling the trustee to a reasonable compensation. (*Crocker-Citizens, supra*, at p. 214.) The *Crocker-Citizens* court affirmed the trial court's ruling finding the trustee's fees were excessive and reducing them thereby. (*Ibid.*) Thus, the *Crocker-Citizens* decision is at odds with appellant's contention the court here cannot reduce her trustee's fees.

Further, *Bodger* is distinguishable from the circumstances here. The trust there used a definite percentage formula for determining the trustee's fees, from which the trial court deviated. (See *Bodger, supra*, 130 Cal.App.2d at pp. 417–418.) There is no comparable trust provision regarding the trustee's compensation in this case. As discussed earlier, section 11.02 of the trust clearly provides the trustee is entitled to reasonable

11

compensation and reimbursement of expenses. Section 11.02 does not use any fixed formula for determining the trustee's compensation or reimbursement of expenses. Accordingly, *Bodger* is inapposite to the analysis here.

### E.    *The trial court acted within its discretion in reducing the trustee's fees*

Appellant maintains, even if the trust did not grant the trustee absolute discretion, the trial court still erred in applying rule 7.776 because appellant accepted a lower trustee's fee than the trustor originally intended. We disagree. We conclude the court acted within its discretion in applying the factors in rule 7.776 to reduce appellant's trustee's fees.

Trusts are managed for the benefit of beneficiaries. (See *Städel Art Museum v. Mulvihill* (2023) 96 Cal.App.5th 283, 295 ["[T]he law is settled that a 'trustee has a duty to administer the trust solely in the interest of the beneficiaries.'"].) Rule 7.776 reflects this principle by establishing eight objective factors for evaluating trustee compensation without specifically including the trustor's intent among those factors. (See rule 7.776.) These factors include the trustee's skills and experience, the complexity of the work performed, and the time spent on such work. (Rule 7.776(3), (6), (8).)

While the trial court acknowledged there was evidence the trustor originally wanted to pay appellant a higher hourly rate, the court was not bound by extrinsic evidence of the trustor's intent. As discussed earlier, the trustor's intent as expressed in the trust's plain language controls, unless a different interpretation can be clearly ascertained. (*Huscher, supra*, 121 Cal.App.4th at p. 972.) The court only considers extrinsic evidence if the language of the instrument is ambiguous. (*Trolan*,

*supra*, 31 Cal.App.5th at p. 949.) The trust's plain language here is clear and unambiguous that the trustee's compensation must be reasonable. The trust does not use a fixed formula or designate specific rates for the trustee's compensation. Thus, the court was within its discretion to apply the factors listed in rule 7.776. In considering such factors, the court found some of the tasks appellant performed did not justify her hourly rate. Respondent's petition identified several entries in appellant's billing statement that contained routine or nonbeneficial tasks. The court acted within its discretion to consider the nature and difficulty of these tasks and the time appellant spent on them. (See rule 7.776(6), (8).)

Further, the trial court noted appellant heavily relied on attorneys to handle the real property issues. This finding concerns the skills and experience appellant brought to her trustee's work, which the court may consider. (See rule 7.776(3).) The court therefore acted within the scope of rule 7.776 as it only considered factors expressly listed therein. None of these factors conflicts with section 16081 or the terms of the trust. Accordingly, we conclude the court acted within its discretion and did not improperly substitute its judgment for the trustee's when it reduced appellant's fees.[5]

---

[5] Appellant also contends the trial court erred in not awarding her attorney's fees pursuant to section 17211 because respondent should not have succeeded in reducing the trustee's fees. Because we affirm the court's order reducing appellant's trustee's fees, we conclude this issue is moot.

## DISPOSITION

The February 23, 2023 order is affirmed. Respondent is awarded her costs on appeal.

_____
CHAVEZ, J.

We concur:

_____
LUI, P. J.

_____
RICHARDSON, J.